## Hynek Estate

*Wisler, Pearlstine, Talone & Gerber,* for petitioner.

TAXIS, P. J., March 21, 1957.—A guardian of the estate of a minor has petitioned for leave to file his account for audit pursuant to section 1081 of the Fiduciaries Act of April 18, 1949, P. L. 512, and for his discharge upon confirmation of his account. The minor is 11 years of age.

The petition raises an important problem relating to accounting, audit, confirmation and discharge of a guardian in a situation where the minor has not attained his majority. See Warwick's Estate, 36 D. & C. 521; Templar's Estate, 38 D. & C. 288; Kantner Estate, 23 Schuyl. 97.

The petition avers that the estate of the minor initially consisted of $1,866.66 resulting from a compromise of a trespass action. Other pertinent averments of the petition read as follows:

"4. As a result of the injury sustained by the minor and the basis for compromise settlement . . . he required certain dental services to bring about a realignment of the teeth in his lower jaw. Said dental services had been estimated at approximately $2,500 to $3,000 by . . . an orthodontist. The minor has been under the care of the said doctor for the past two years.

"5. From the original sum of $1,866.66, to date, two petitions have been filed by the guardian for payments of dental bills and the fund is now reduced to $963.66.

"6. There is at present another outstanding bill in the amount of $52. . . . for dental services . . .

"8. With the approval of the last expenditures supra, the principal account will be less than $1,000, to wit $873.66. The court's attention is respectfully called to the amended Pennsylvania R. C. P. no. 2039.

"9. The purpose of this petition for leave to file an account for audit is to bring the matter before the court requesting that the guardian be discharged and the balance of the funds be turned over to Carl Hynek, Jr., the father.

"10. Periodic payments of the future dental bills will continue to require additional petitions for allowances, filing fees, counsel fees, and bond renewals, which will deplete the minor's estate; thus, it would be to the minor's best interest to have the said guardianship terminated.

"11. The minor plaintiff does now reside with his father, Carl Hynek, Jr., who will of necessity be liable for the remaining dental bills, which will approximate $1,000, exclusive of the balance of the minor's estate as aforementioned."

At the outset there is no doubt that the court possesses power pursuant to section 1081 to authorize an accounting and discharge of the guardian in the circumstances set forth in the petition. Section 1081 provides that: "A guardian shall file an account of his administration promptly at the termination of his guardianship, or at such earlier time or times as shall be directed or authorized by the court." Such language is about as all-embracing as it is possible to conceive.

Granted the power, the real pinch of the case is the wisdom of authorizing the filing of an accounting

and the termination of the guardianship because the corpus has, by two court-approved allowances, been reduced to less than the amount set forth in section 1001.

It was the design and purpose of section 1001 to avoid expense of the appointment of a guardian and the entry of bond at the outset. It was not, however, the design of section 1001 to provide a plateau where, in advance of the minor's attaining his majority, or for other reasons, a guardian may decide to seek discharge, merely because the corpus of the minor's estate has been reduced below the amount set forth in section 1001. The guardian has assumed fiduciary duties and he ought, in absence of compelling reasons, to complete his appointment, i.e., for the duration of the minority of his ward.

It is stated that the costs and expenses and bond premium will be avoided by granting the prayer of the petition. It, of course, has always been the judicial policy to minimize costs and expenses of minor's small estates, yet if an account were here authorized a guardian ad litem should be appointed for the minor. The avoidance of this added expense is an additional reason for refusing the prayer of the petition.

The power granted the court under section 1081 authorizing the filing of an account "at such earlier time or times as shall be directed or authorized by the court", should be exercised only where good, sufficient and compelling reasons exist. It is not such a compelling reason to aver or allege that the minor's estate has, in amount, become a small estate within section 1001.

And now, March 21, 1957, the petition is therefore dismissed.